[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 95-1860

 UNITED STATES,

 Appellee,

 v.

 JOSE BONILLA-ROMERO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Campbell, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 
 

Rafael Gonzalez Velez and Rafael Gonzalez Velez Law Office on 
brief for appellant.
Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, 
Senior Litigation Counsel, Edwin O. Vazquez, Assistant United States 
Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on 
brief for appellee.

 

 MARCH 27, 1997
 

 Per Curiam. Appellant Jose Bonilla-Romero appeals 

from the district court's denial of his motion to withdraw

his guilty plea to one count of aiding and abetting his co-

defendants in knowingly, intentionally, and unlawfully

possessing with intent to distribute cocaine and from the

court's denial of his request for an acceptance of

responsibility reduction at sentencing. We affirm. 

 We conclude that the district court did not abuse

its discretion in denying the motion to withdraw the guilty

plea. See United States v. Isom, 85 F.3d 831, 834 (1st Cir. 

1996) (describing our standard of review and the factors we

consider in reviewing the denial of a motion to withdraw a

guilty plea). Bonilla has not disputed that he agreed to

plead guilty in a written plea agreement and that he pled

guilty under oath at a plea hearing which complied fully with

the requirements of Fed. R. Crim. P. 11. His assertion of

innocence, made seven weeks after his guilty plea, was

clearly belated. The testimony of one co-defendant suggested

a possible defense, but was directly contradicted by the

testimony of a different co-defendant, whom the district

court obviously credited. See United States v. Wicker, 80 

F.3d 263, 268 (8th Cir. 1996) (the district court did not

abuse its discretion in denying a motion to withdraw a guilty

plea where the court had assessed the defendant's credibility

negatively); United States v. Caban, 962 F.2d 646, 650 (7th 

 -2-

Cir. 1992) ("Because credibility determinations are left to

the sound discretion of the trial court, it seems unlikely

that the district court abused its discretion by rejecting

Caban's motion to withdraw his plea which was based upon a

version of events that the court did not find credible.").

 Since Bonilla protested his innocence even at

sentencing, the district court did not err in declining to

grant him the requested acceptance of responsibility

reduction. See U.S. Sentencing Guidelines Manual, 3E1.1, 

comment. (n.3) (1995) (evidence that a defendant has accepted

responsibility may be outweighed by inconsistent conduct; a

defendant who has pled guilty is not entitled to an

acceptance of responsibility reduction "as a matter of

right"); United States v. Bradley, 917 F.2d 601, 606 (1st 

Cir. 1990) (affirming the denial of an acceptance of

responsibility adjustment where the defendant had tried to

minimize his participation in the crime "to the bitter end").

 The judgment of the district court is affirmed. 

See Loc. R. 27.1.  

 -3-